JOSEPH BYRNE, RELATOR, v. SUPREME CIRCLE, BROTHERHOOD OF THE UNION.

Argued November 12, 1906—Decided February 25, 1907.

Expulsion from an association having a benefit fund in which the members are entitled to participate is a *quasi*-judicial proceeding of which the accused member is entitled to have specific notice and an opportunity to be heard in his defence upon a specified charge.

---

On application for *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the relator, *Edwin R. Walker*.

For the defendant, *John F. Harned*.

The opinion of the court was delivered by

GARRISON, J.  The relator seeks by *mandamus* to be reinstated in a benevolent association from which he was expelled. On the relator's original application for such writ, the following memorandum was filed:

"PER CURIAM.

"The relator applies for a writ of *mandamus* to compel the respondent to reinstate him in its order, from which he was expelled for persistently refusing to state his age to an officer instructed by the supreme circle to obtain such information. The state of facts before us is too meager to enable us to decide whether this is a proper case for *mandamus*. An alternative writ will therefore be allowed, and, upon the return to this, if fully and properly made, the case can intelligently be dealt with."

In conformity with this decision an alternative writ issued, and we have now before us the answer of the defendant thereto. By such answer it appears that upon the relator's persistence in his refusal or failure to furnish information as to his age he was notified that unless such information was furnished by a day certain his refusal would be communicated to the trustees, and "that they would take such action as is warranted under section 23, article 16, of the death benefit fund laws of the said defendant company." This section reads as follows:

"23. The trustees shall, from time to time, strike from the roll and expel from the fund all persons unlawfully or improperly on the roll, or who refuse to comply with any lawful requirements concerning the same."

Subsequently, the trustees having been notified at the time stated of the relator's "failure to furnish the date of his birth, did consider the same, and the said relator not appearing to

show cause why he should not be stricken from the list of members for failure to comply with the requirements of the said trustees, they did, on the 11th day of November, 1904, expel the relator from membership in the death benefit fund and strike his name from the roll of membership."

We think that the proceeding thus set forth was not a lawful mode of expelling a member for the cause stated. The relator's right to participate in the fund in question was a property right, hence his expulsion involved more than a mere matter of discipline. It was a *quasi*-judicial proceeding. The relator became a member of the order and of the benefit fund in 1897, and at that time complied with all the requirements then in force, which included a precise statement of the day and year of his birth. In 1903 the laws of the order were amended by providing that the trustees might strike from the roll and expel all persons unlawfully on the roll or who should refuse to comply with any lawful requirement concerning the same. Whether the regulation that the relator restate his age was such a lawful requirement, whether he was bound by the amendment to the by-laws adopted after his rights to the benefit fund had accrued, whether he had any explanation or defence for his failure to comply with such requirement, and whether he had in fact so failed, were all matters for judicial determination in the concrete case. When the relator was notified that upon his failure to answer the question that was put to him the trustees would "take such action as article 16 warranted," he was justified in supposing that such action would be in the form of a trial, in which he would have the benefit of a specification of the precise offence with which he was charged, notice of the time and place when such charge would be proved against him and an opportunity to be heard in his defence. In a *quasi*-judicial proceeding affecting his property rights, the relator was entitled to these protections. 3 *Am. & Eng. Encycl. L.* 1073, and cases cited.

It does not appear from the answer of the defendant that these rights were secured to him. The alternate writ was expressly allowed in order to enable the defendant to state fully the grounds on which it justified its action. We must

assume that it has done so. Upon the facts stated in the answer to the alternate writ, the relator was improperly expelled, and is therefore entitled to a peremptory *mandamus* requiring the defendant to reinstate him in its order and benefit fund.